# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-40047
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eidar Gabriel Barrera Rivera,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-297-1

---

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Eidar Gabriel Barrera Rivera appeals his conviction and sentence for aiding and abetting the manufacture and distribution of five kilograms or more of cocaine knowing and intending that the cocaine would be unlawfully imported into the United States and conspiracy to manufacture, distribute, and import five kilograms or more of a mixture or substance containing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

cocaine knowing and intending that the cocaine would be unlawfully imported into the United States. *See* 21 U.S.C. §§ 952, 959, 963. He challenges the sufficiency of the evidence showing that he knew the cocaine was bound for the United States or that the offenses involved five kilograms or more of cocaine. He also challenges the guidelines adjustment for obstruction of justice.

We review Barrera Rivera's sufficiency challenges de novo. *See United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017). "Though de novo, this review is nevertheless highly deferential to the verdict." *Id.* (internal quotation marks and citations omitted). Under this standard, the court reviews the evidence adduced at trial to determine if it supports the convictions beyond a reasonable doubt and reviews "the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury." *Id.* (internal quotation marks and citation omitted).

The record demonstrates that Barrera Rivera was conspiring with people working at the airport to coordinate shipments of cocaine and supports an inference that he knew the plane was leaving the country. Further, the Government presented expert testimony indicating that the cocaine's destination was a key detail in the venture. Accordingly, it was reasonable for the jury to infer that Barrera Rivera knew details such as the fact that the plane was bound for the United States. *See United States v. Rojas*, 812 F.3d 382, 402 (5th Cir. 2016).

For an enhanced mandatory minimum sentence, Barrera Rivera's drug trafficking convictions required proof beyond a reasonable doubt that the offenses involved five kilograms or more of cocaine. *See* 21 U.S.C. § 960(a)(1), (a)(3), (b)(1)(B); *United States v. Haines*, 803 F.3d 713, 740-41 (5th Cir. 2015). The Government contends that Barrera Rivera forfeited his

sufficiency challenge as to the drug quantity. But we need not decide whether Barrera Rivera forfeited this challenge because—even if he had properly preserved it—his challenge still fails.

The same evidence supporting an inference that Barrera Rivera knew the cocaine was bound for the United States also supports an inference that he would know the offense involved at least five kilograms of cocaine. If, as he contends, the venture involved only one or two kilograms of cocaine, the participants would not need so many flower boxes to clandestinely transport the cocaine or an apartment to package and store the cocaine. A reasonable jury could infer that an investor who assisted with logistics, attended a meeting to coordinate the load of cocaine, and sought real-time updates also knew the venture extended beyond his individual investment and involved at least five kilograms. *See Chapman*, 851 F.3d at 376. Barrera Rivera has not met his burden of demonstrating that the evidence presented at trial was insufficient to support his convictions.

Section 3C1.1 provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and the obstructive conduct related to the offense of conviction and relevant conduct or a closely related offense. U.S.S.G. § 3C1.1. Though the only evidence the Government presented in support of the adjustment is that Barrera Rivera told his co-conspirators to talk only about their own cases and reminded them that they have family outside of prison, it can be reasonably inferred that Barrera Rivera meant it as a threat. Given the testimony at sentencing that the members of the conspiracy did not know Barrera Rivera, this lack of familiarity suggests that his statement was intended as a threat, rather than a warning out of care or concern for their families. The record as a whole plausibly supports the district court's finding that he threatened his

codefendant.  *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007); *see also* U.S.S.G. § 3C1.1, comment. (n.4(A)).

For the first time in his reply brief, Barerra Rivera argues that his threats did not qualify as obstruction because the cooperating defendant did not testify at Barrera Rivera's trial as a witness.  However, we do not consider arguments raised for the first time in a reply brief.  *See United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010).  Barrera Rivera has not shown clear error in the application of the § 3C1.1 enhancement.  *See Trujillo*, 502 F.3d at 356.

The judgment of the district court is AFFIRMED.